## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Bryce Montoya, a Special Agent with the Federal Bureau of Investigation ("FBI"), being duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I have been employed as a Special Agent with the FBI since May 2018. I am currently assigned to the FBI Boston Child Exploitation and Human Trafficking Task Force, where I investigate violent crimes against children ("VCAC"). While employed by the FBI, I have investigated federal criminal violations related to, among other things, the online sexual exploitation of children. As a Special Agent with the FBI, I have conducted numerous investigations into the production, attempted production, distribution, receipt, and possession of child pornography, to include executing federal search warrants and criminal complaints. Additionally, prior to my assignment on the Child Exploitation and Human Trafficking Task Force, I was assigned to the Boston Division Lakeville Resident Agency, where I investigated VCAC and human trafficking violations, and participated in fraud, narcotics, and white-collar investigations. During my training at the FBI Academy in Quantico, Virginia, I received training on a variety of criminal investigative matters relating to conducting these types of investigations.

2. I submit this affidavit in support of a criminal complaint charging Cess FRAZIER ("FRAZIER") (YOB 1992), of Boston, Massachusetts, with one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A).

3. The statements contained in this affidavit are based in part on information obtained during the execution of search warrants on FRAZIER and his residence on April 29, 2025, information provided by U.S. federal law enforcement agents; written reports about this and other investigations that I have received, directly or indirectly, from other law enforcement agents;

information gathered from the service of administrative subpoenas; the results of physical surveillance conducted by law enforcement agents; independent investigation and analysis by law enforcement agents/analysts and computer forensic professionals; and my experience, training and background as a Special Agent. Since this affidavit is being submitted for the limited purpose of establishing probable cause to secure a criminal complaint, I have not included each and every fact known to me concerning this investigation.

## PROBABLE CAUSE

4. Through an ongoing investigation into the purchase of child sexual abuse material ("CSAM")[1], the FBI identified FRAZIER as an individual who had purchased CSAM.

5. Pursuant to this investigation, on April 29, 2025, FBI agents and other law enforcement executed federal search warrants (25-5081-JGD; 25-5801-JGD) targeting the receipt of child pornography at FRAZIER's residence in Boston, Massachusetts. The affidavit submitted in support of the search warrants is attached as Sealed Exhibit 1.

6. Upon entry, agents encountered FRAZIER and a second individual who lived at the residence. FRAZIER had two devices charging in his bedroom – an iPad Pro and an iPhone 14 Pro. FRAZIER provided the numeric pin code to unlock both devices.

---

[1] In this affidavit, "child pornography" and "CSAM" are used interchangeably. "Child pornography" is a term defined by statute as "any visual depiction…of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct." 18 U.S.C. § 2256(8)(A). In recent years, child pornography has been more widely referred to as "child sexual abuse material (CSAM)," including by law enforcement and the National Center for Missing and Exploited Children. Where that term is used in this affidavit, it is used to refer to child pornography as defined by federal statute.

7. In reviewing the iPhone 14 Pro, law enforcement observed videos within the Telegram[2] application that appeared to depict child pornography. The username on the Telegram account was "PepperJr2" and the phone number linked to the Telegram account was XXX-XXX-8164.

8. I am aware that MEGA[3] has records of an account with first name "pepper" and last name "jr" that is linked to an email address that is a Gmail account that includes FRAZIER's first and last name. I am also aware that CashApp[4] has records of two accounts where the address listed is FRAZIER's residence, has a linked email account that is the same above-described Gmail account, and a linked phone number of XXX-XXX-8164, which matches the phone number on the Telegram account located on FRAZIER's phone. Additionally, the iPhone 14 Pro had an iCloud Account with an Apple ID that was the same above-described Gmail account. Based on this information, and because the Telegram account was found on a device belonging to FRAZIER, I have probable cause to believe the Telegram account belongs to FRAZIER.

9. An initial examination of the data and content within the Telegram application revealed approximately 100 media files that appear to depict child pornography. These media files

---

[2] Telegram Messenger is a cloud-based, end-to-end encrypted messaging application that allows users to communicate in one-to-one or group settings and to sync their content across multiple devices.

[3] MEGA is a cloud-based digital storage and file-hosting website. An individual can access MEGA through the internet via a web browser or application installed on a compatible mobile device. Users can upload files to MEGA for the purpose of storing and/or backing up data, including image and video files. A MEGA user can organize data into file folders within the user's account.

[4] CashApp is a financial service application in the United States. An individual can access CashApp through a web browser or through an application installed on a compatible mobile device. Users can use CashApp to send and receive money.

were located within the "saved messages" folder in messages between FRAZIER and multiple unknown Telegram users. These files included information about the Telegram users from whom FRAZIER had received the files, suggesting that FRAZIER knowingly engaged with other users to receive files that depict child pornography.

10. In the paragraphs that follow, I describe three files from the phone that depict child pornography.[5] All three files had a date and time stamp of February 20 between 1:42 and 1:43AM. This does not reflect the total amount of Telegram messages and files depicting child pornography that were located.

    a. One video is approximately two minutes long. The video was located within the "saved messages" in the Telegram application. In this video, a female child whose face cannot be seen is observed laying on her back. The child is fully nude. Based upon the child's lack of development, her size, and lack of pubic hair, the child appears to be approximately 8-10 years old. The child's legs appeared to be tied, holding her legs in

---

[5] I am aware that the "preferred practice" in the First Circuit is that a magistrate judge view images that agents believe constitute child pornography by virtue of their lascivious exhibition of a child's genitals. *United States v. Brunette*, 256 F.3d 14, 17-19 (1st Cir. 2001) (finding that affiant's "legal conclusion parroting the statutory definition . . . absent any descriptive support and without an independent review of the images" was an insufficient basis for determination of probable cause). Here, however, the descriptions offered "convey to the magistrate more than [my] mere opinion that the images constitute child pornography." *United States v. Burdulis*, 753 F.3d 255, 261 (1st Cir. 2014) (distinguishing *Brunette*). The children described herein appear to be between three and 10 years old—in all events, younger than 18. Furthermore, the descriptions of the files here are sufficiently specific as to the age and/or appearance of the alleged children as well as the nature of the sexual conduct pictured in each file, such that the Court need not view the files to find that they depict child pornography. *See United States v. Syphers*, 426 F.3d 461, 467 (1st Cir. 2005) ("The best practice for an applicant seeking a warrant based on images of alleged child pornography is for an applicant to append the images <u>or provide a sufficiently specific description of the images</u> to enable the magistrate judge to determine independently whether they probably depict real children.") (emphasis added); *see also United States v. LaFortune*, 520 F.3d 50, 56 (1st Cir. 2008) (similarly emphasizing *Syphers* court's use of "or" in describing the *Brunette* "best practice"). Where I have included such nonconclusory, sufficiently specific descriptions, this Court need not view the imagery to find that it depicts child pornography.

4

the air. A male, whose face cannot be seen, is penetrating the child's anus and vagina with his penis. The male ejaculates on the child's stomach.

      b.      Another video is approximately 41 seconds long. In this video, a female child whose face cannot be seen is observed laying on her back. The child appears to have a red shirt on and is nude from the waist down. Based upon the child's lack of body development, the size of her body, and the lack of public hair the child appears to be approximately 3-5 years old. An adult male, whose face cannot be seen, is observed inserting his penis into the child's anus. The male ejaculates into the child's anus.

      c.      A third video is approximately 1 minute and 34 seconds long. In this video, a female child can be observed laying her back. The child is fully nude. The child's face can briefly be seen in the video. Based upon the size of the child, her lack of development and her facial features, the child appears to be approximately 8-10 years old. An adult male, whose face cannot be seen, inserts his penis into the child's vagina.

11.      The devices seized from FRAZIER's residence are being transported to the FBI's Regional Forensics Computer Lab; further forensic examination is ongoing.

*(Space Intentionally Left Blank)*

## CONCLUSION

12.     Based on all of the foregoing, I submit that there is probable cause to believe that on or about at least February 20, 2025 through April 29, 2025, Cess FRAZIER knowingly received any child pornography, as defined in Title 18, United States Code, Section 2256(8), using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(2)(A).

_____
Special Agent Bryce Montoya
Federal Bureau of Investigation

SWORN to telephonically in accordance with Fed. R. Crim. P. 4.1 on this date of April 29, 2025.

_____
HONORABLE JUDITH G. DEIN
UNITED STATES MAGISTRATE JUDGE